James A. BARTLEY, Appellant,

v.

GRANITE STATE INSURANCE
COMPANY, Appellee.

No. 5672.

Court of Appeals of Texas,
Eastland.

May 20, 1982.

Rehearing Denied June 10, 1982.

Larry Zinn, Warren Burnett, Inc., Odessa, for appellant.

Roy Longacre, Wagstaff, Harrell, Alvis, Batjer, Stubbeman & Seamster, Abilene, for appellee.

DICKENSON, Justice.

James A. Bartley was injured in an oil well drilling rig accident on November 2, 1977. Granite State Insurance Company contended that the injury was confined to Bartley's left arm; Bartley sought worker's compensation benefits for total and permanent disability; and the jury resolved the disputed issues by returning a verdict for 75% permanent partial loss of use of the arm. Bartley appeals the judgment on that verdict. We reverse and remand with instructions.

The jury's verdict can be summarized as:

Special Issue No. 1: The injury was confined to Bartley's left arm below the shoulder.

Special Issue No. 10: *We do not* find from a preponderance of the evidence that the Plaintiff suffered total loss of use of the left arm below the shoulder. (Emphasis added)

Special Issue No. 14: The injury was a producing cause of partial loss of use of the left arm below the shoulder.

Special Issue No. 15: The beginning date of such partial loss of use was November 2, 1977.

Special Issue No. 16: Such partial loss of use was permanent.

Special Issue No. 18: The degree of such partial loss of use of the left arm below the shoulder is 75%.

The other special issues were not answered, and no answers were required under the court's instructions.

There is only one point of error in appellant's brief. It argues that the jury's answer to Special Issue No. 10 is against the great weight and preponderance of the evidence. We agree.

Our review of this appeal is pursuant to the well-known rule which is stated by *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951), and *Traylor v. Goulding*, 497 S.W.2d 944 (Tex.1973).

■ The only witnesses who testified at the trial of this case were Bartley, his son and his cousin. The jury was free to believe or refuse to believe all or any part of their testimony. The medical records were admitted by affidavit pursuant to Tex.Rev. Civ.Stat.Ann. art. 3737e (Vernon Supp. 1982), and they show that Bartley received a serious injury to his left arm on November 2, 1977, with broken bones in the lower arm and in the upper arm. The records show that the patient was in the hospital from November 2 until November 22 and that additional surgery was performed on the arm in January, March and May of 1978. The jury was not free to ignore these medical records which clearly show that Bartley suffered total loss of use of his arm for some period of time. Granite State's lawyer recognized this in jury argument when he said:

> I think the clear evidence is going to tell you that this was an injury confined to Mr. Bartley's left arm, that he does not have a total loss of use of that left arm, that *for a period of a year and a half, following an injury, he did have a total loss for that period of time, and that period of time only.* But after that, it was time for him to get up and go to work.... His partial disability began then and is about 50%. (Emphasis added)

Granite State has a counterpoint which states: "Should the Court rule that the jury's answer to Special Issue No. 10 is against the great weight, then the Court should remand for new trial only on the issues of loss of use to appellant's arm." This appears to be the correct disposition because there is no challenge to Special Issue No. 1, and Bartley is bound by the jury's finding that his injury was confined to the left arm.

Tex.R.Civ.P. 434 was amended in 1976 to provide:

> (I)f it appear to the court that the error affects a part only of the matter in controversy and that such part is clearly separable without unfairness to the parties, the judgment shall only be reversed and a new trial ordered as to that part affected by such error, provided that a separate trial on unliquidated damages alone shall not be ordered if liability issues are contested.

■ The specific injury to the arm is "clearly separable without unfairness to the parties" inasmuch as there is no challenge to the jury's answer to Special Issue No. 1 that the injury was "confined to his left arm below the shoulder." The error in answering Special Issue No. 10 affects "a part only of the matter in controversy." We are not ordering a separate trial on unliquidated damages alone. We are limiting the remand to the clearly separable issue of the specific injury to the arm. The general injury issue has been determined by the jury's unchallenged answer to Special Issue No. 1. See *Travelers Insurance Company v. Guidry*, 461 S.W.2d 170 (Tex.Civ.App.— Beaumont 1970, writ ref'd n.r.e.).

The judgment of the trial court is reversed, and the cause is remanded for a new trial of the specific injury claim involving the extent and duration of loss of use of the left arm.