**HIGHLANDS INSURANCE COMPANY, Appellant,**

v.

**Charles Oliver CURREY, Appellee.**

No. A14–87–00157–CV.

Court of Appeals of Texas, Houston (14th Dist.).

June 22, 1989.

William Steven Steele, C.J. Kling, Bryan, for appellant.

W. Stephen Rodgers, J. Bradley Smith, Bryan, for appellee.

Before ROBERTSON, CANNON and DRAUGHN, JJ.

## OPINION ON REHEARING

DRAUGHN, Justice.

After consideration of appellee's motion for rehearing, we withdraw our previous opinion of February 2, 1989 and substitute therefor the following opinion.

In this worker's compensation case, appellant, Highland's Insurance Company, "Highlands" raises twenty-one points of error challenging the judgment below in favor of appellee, Charles Oliver Currey. In its first six points of error, appellant asserts the trial court erred in granting partial summary judgments favoring appellee on the issues of (1) the statutory 30–day notice of injury, (2) the statutory six-month filing of worker's compensation claim, and (3) the election of an inconsistent disability insurance claim remedy by appellee. Finding the trial court erred in granting sum-

mary judgment on these issues, we reverse and remand.

■ Appellant's first two points of error allege that the trial court erred in granting appellee's motion for partial summary judgment on the issue of whether claimant had furnished notice of his injury within thirty days as required by TEX.REV.CIV. STAT.ANN. art. 8307, § 4a (Vernon Supp. 1989):

. "Unless the Association or subscriber have notice of the injury, no proceeding for compensation for injury under this law shall be maintained unless a notice of the injury shall have been given to the Association or subscriber within thirty (30) days after the happening of an injury or the first distinct manifestation of an occupational disease...."

In his Motion for Partial Summary Judgment on this issue, appellee did not specify a specific date as to when his injury occurred or his occupational disease manifested itself. However, in his pleadings he alleges an injury date of August 26, 1982. In his Motion for Partial Summary Judgment, he alleges he advised his "supervisor's superior of the injury long prior to 30 days." In support of his motion for partial summary judgment on the question of the 30–day statutory notice requirement, Currey filed no affidavits; he attached only his own deposition testimony and that of his superior, Tom Richardson. Highlands responded to this motion by asserting that there was considerable controversy concerning the issue of whether Currey gave the requisite notice within thirty days after the alleged date of the injury. It referred to its pleadings wherein it specifically denied that this notice had been received by the employer and attached as summary judgment evidence on this issue, the affidavit of Tom Richardson, in which he specifically denied that he had ever received notice from Currey that Currey had injured his back as a result of an on-the-job accident.

In applying the summary judgment standard of review, we find that appellant has failed to show that there is no genuine issue of material fact as to this issue and that he is entitled to summary judgment as a matter of law. In evaluating the grant of the partial summary judgment, we cannot consider evidence favoring the movant's position unless it is uncontroverted. *Great American Reserve Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41, 47 (Tex.1965). Here, clearly appellant presented affidavit evidence controverting that of appellee from the very witness on whose deposition testimony the appellee largely relied. For our evaluation of the partial summary judgment, we must take such evidence favorable to the non-movant as true. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985). Nor can we give controlling effect to the deposition testimony over that of the affidavit as appellee suggests. *Randall v. Dallas Power & Light Company*, 752 S.W.2d 4, 5 (Tex.1988). Additionally, we must indulge every reasonable inference in favor of the non-movant and any doubts must be resolved in its favor. *Nixon*, 690 S.W.2d at 548–49; *Montgomery v. Kennedy*, 669 S.W.2d 309, 310–11 (Tex.1984). Even if we were to ignore the affidavit and consider only the deposition testimony of Richardson on which appellee heavily relies, we find it at best internally conflicting which also raises a fact question precluding summary judgment. In it, Richardson states that the injury was never reported to him as an on-the-job injury. In fact, he stated that it was reported to him as an off-the-job injury involving a fall from a swing into the shallow water of a lake. If the evidence is conflicting, we must ignore the conflict and view the evidence which tends to support the position of the non-movant as true. *Smith v. Bolin*, 153 Tex. 486, 271 S.W.2d 93, 94; *Gonzales v. Global Truck and Equipment Inc.*, 625 S.W.2d 348, 350 (Tex.Civ.App.—Houston [1st Dist] 1981, no writ).

Appellee asserts that a different standard of review exists where a partial summary judgment is granted; that Rule 166a(d) requires that the trial court must determine in such cases "what material facts exist without substantial controversy and what material facts are actually and in

good faith controverted." Rule 166a(d), Tex.R.Civ.P. He suggests that because it is not a judgment on the entire cause of action, the standard of review for the partial summary judgment evidence is not as onerous as finding facts which exist as a matter of law. The legal difference, if any, between the standard to be applied when evaluating material facts existing without substantial controversy as set out in subsection (d) of Rule 166a, and that to be applied to facts which are established as a matter of law, has not been addressed by the Supreme Court. However, there is appellate court precedent for the conclusion that the standard is the same. *Texas United Ins. v. Burt Ford Enterprises*, 703 S.W.2d 828, 833 (Tex.App.—Tyler 1986, no writ). However, for purposes of our review we need not determine that issue other than to point out that the *effect* is the same where critical defensive issues that are potentially dispositive of the case are involved.

■ We find appellee has not met his burden of proof under either standard. We find substantial controversy exists regarding the issue of the 30–day statutory notice. The appellant urged the issue in its sworn pleadings and in its response to the motion for partial summary judgment; it also supported its position with a sworn affidavit and with the deposition testimony. We cannot, as appellee suggests in his Motion for Rehearing, alter the standards for evaluating partial summary judgment evidence in such a way as to permit the trial court to conduct a mini-trial in which he weighs each parties' summary judgment evidence to determine which is more persuasive and then renders judgment accordingly. Nor can we presume that the issues are not controverted in good faith. To the contrary, under summary judgment standards we must indulge in the inference that the non-movant is controverting the issues in good faith. Critical standards of review weighted in favor of the non-movant are essential because the remedy of summary judgment is harsh. Particularly is this so when it is rendered on the whole case. But it is analogously harsh when rendered on critical and potentially dispositive issues as

here because it removes those issues from the fact finder and deprives the non-movant of his day in court on them. We therefore find, in accordance with summary judgment standards of review, that the trial court erred in granting partial summary judgment favoring appellee on the issue of the 30–day notice of injury.

Appellant's third and fourth points of error concern the issue of whether Currey filed his worker's compensation claim with the Industrial Accident Board within the time allowed by law. Appellee had the burden to plead and prove that he timely filed his claim with Industrial Board "IAB", or that good cause existed for failing to file timely. *Robicheaux v. Aetna Casualty and Surety Co.*, 562 S.W.2d 568, 570 (Tex.Civ.App.—Houston [14th Dist.] 1978, no writ). The law in effect at the time of this claim required that a claimant file his claim for compensation with the Industrial Accident Board within six months after the occurrence of the injury. Art. 8307, § 4a, Tex.Rev.Civ.Stat.Ann. (Vernon 1967). The trial court granted a partial summary judgment on this issue ruling that Currey filed his claim for compensation within the time allowed by law and that this fact existed without substantial controversy, and without the need for further proof. Again, we must evaluate the summary judgment evidence to determine whether the court was correct in its ruling, and, in doing so, must indulge every reasonable inference in favor of the non-movant as set out in our discussion concerning the 30–day notice issue.

■ While appellee's summary judgment evidence does not properly prove the date that he filed his compensation claim with the IAB, the pleadings reflect that date to be on or about May 10, 1983. Currey alleges the date of injury to be August 26, 1982; Highlands contends it occurred on July 17, 1982. However, either of these dates would place Currey's IAB claim well beyond the six-month statutory filing period. Currey, in his Motion for Partial Summary Judgment on this issue relies on certain provisions of the worker's compensation statute which can operate to extend the

six-month filing period. These provisions, in general, state that the employer must, after receiving notice of an on-the-job injury to an employee, file a written report thereon with the Industrial Accident Board within eight days following the employee's absence or the date the employer received notice of the injury. Art. 8307, § 7(a), TEX. REV.CIV.STAT.ANN. (Vernon Supp.1989). If, at the time of this case, the report had not been filed with the Board, the six month time period for filing of the employee's claim would not have begun until the report was filed. Art. 8307, § 7a, TEX.REV. CIV.STAT.ANN. (Vernon 1967). Currey alleges in his summary judgment motion that this statute operated to extend his time for filing his claim with the IAB at least until May 10, 1983 because his employer had received notice of the injury "long prior to 30 days," and yet did not file the required report with the IAB until July 19, 1983, after his own claim had been filed. He concludes from this that Highlands is precluded as a matter of law from asserting that Currey failed to timely file a claim.

The problem with appellee's reasoning is that it is based on the same summary judgment deposition evidence as that proffered and discussed in connection with the 30-day notice requirement. That evidence consists of Currey's deposition testimony and that of his supervisor, Tom Richardson. It is clear from our previous discussion that the affidavit and deposition testimony of Richardson raise a question of fact as to whether Currey gave the employer notice of anything other than an off-the-job injury. This question of fact cannot be presumptively answered in Currey's favor so as to provide summary judgment evidence to sustain his failure to file his compensation claim within six months of the date of injury. Appellee's reasoning in this regard simply begs the question, which is, whether he gave his employer timely notice of an on-the-job injury. We find no other summary judgment evidence which would conclusively establish good cause for Currey's failure to file his claim within six months of the injury. Accordingly, we find insufficient summary judgment evidence to sustain the trial court's partial summary judgment ruling that appellee filed his claim for compensation within the time allowed by law.

■ Appellant's fifth and sixth points of error allege the trial court erred in granting summary judgment on the issue of whether Currey had made an informed election of remedies by submitting a claim under a group health policy for medical and disability benefits for nonoccupational injury. In his motion for partial summary judgment, appellee again relies on the deposition of Tom Richardson, which he contends establishes this issue without controversy. He relies on an excerpt of Richardson's testimony that it was his duty to determine whether to file an on-the-job worker's compensation injury form or an off-the-job disability insurance form. However, the remainder of the deposition and Richardson's affidavit attached to Highland's response to the partial summary judgment motion reflect that Currey's injury was never mentioned to Richardson as an on-the-job injury; that there was no question in his mind about the fact that it was an off-the-job injury; that Currey had advised him the injury had occurred off the job when he slipped from a rope swing and fell; that Currey at no time advised him that he had injured his back as a result of an on-the-job accident; that he had no recollection of Currey ever asking him about filing it as a worker's compensation claim; that he never regarded it other than as an off-the-job injury; and that he was not aware that Currey was claiming the injury was related to his employment until May of 1983, approximately ten months after the injury. We conclude, after examining the summary judgment evidence and indulging all reasonable inferences in favor of the non-movant, that there is substantial controversy concerning this issue and a material question of fact exists. *See Overstreet v. Home Indemnity Company*, 678 S.W.2d 916 (Tex.1984).

■ In sum, with regard to the Motion for Partial Summary Judgment, we find serious deficiencies in the summary judgment evidence on basic matters. Appellant filed no affidavits or other authenticated

evidence to establish the date of his injury or the date of notice to his employer. Rather, in his summary judgment motion, he sought to rely on earlier pleadings of Highlands to provide this proof. Highlands' earlier pleading was a Motion to Dismiss for Want of Jurisdiction which contained among its attached exhibits the notice of injury form which was filed by Currey with the IAB in May of 1983. Appellant asserts that Highlands by its motion and incorporation therein of the exhibit, judicially admits the information contained in the exhibit. As a general rule pleadings do not constitute summary judgment proof. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678 (Tex.1979). It is conceivable that the pleadings of the non-movant could constitute summary judgment evidence under circumstances where such pleadings contained statements which rose to the level of a judicial admission by admitting a fact or conclusion which is directly adverse to the non-movant's theory of defense or recovery. *Valdes v. Moore,* 476 S.W.2d 936, 940 (Tex.Civ.App.—Houston [14th Dist.] 1972, writ ref'd n.r.e.). But such is not the case here. Highland's motion in no way specifically admits the truth of Currey's alleged date of injury or the other information contained in the attached exhibits. It merely refers to the IAB's investigation and determination that the date of injury was August 26, 1982. Further, such an interpretation is inconsistent with Highland's First Amended Answer and Counterclaim filed on the same date which specifically denies that Currey sustained a compensable injury on August 26, 1982 and denies that it was furnished notice of such injury within thirty days of the "alleged" date. In any event, the pleading does not rise to the level of a judicial admission and is not proper summary judgment evidence. But even if it were accepted as proper summary judgment evidence, it would not be sufficient to sustain the partial summary judgment on the issues of notice and timely filing for the reasons previously discussed.

We are aware of the established rule that worker's compensation statutes are to be liberally construed in favor of the claimant; however, we do not view that rule as requiring us to alter the standard of review to be applied in reviewing summary judgments so as to remove those inferences favoring the non-movant. Appellant's points of error one through six are sustained.

In points of error nineteen through twenty-one, Highlands complains of the trial court's order that it pay attorney's fees to Currey for its failure to comply with discovery requests. A trial court's order of discovery sanctions can be reversed only on a finding of abuse of discretion. Only if the record indicates the trial court was arbitrary, capricious or unreasonable will its decision be reversed. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–43 (Tex.1985).

Interrogatories numbered ten through nineteen requested information on the hours worked and wages earned by Currey. Highlands refused to answer the interrogatories. It took the position that since the information was in the possession of their insureds and not kept in their own offices, they had no obligation to answer the requests. The trial court determined otherwise.

Following Currey's Motion to Compel, Highlands' subsequent objections to the interrogatories, and much posturing by both sides, the trial court ordered Highlands to pay the cost for Currey to obtain the information from the insureds. Based on activities and costs outlined in an affidavit submitted by Currey's attorney after the trial, the court ordered Highlands to pay $1,324.00.

Highland argues that, since it ultimately supplied the information, the $1,324 did not represent costs of obtaining the information from the insureds and, therefore, the trial abused its discretion by ordering that amount be paid as sanctions. We disagree.

It was only after the trial court ordered sanctions, and Currey had noticed the depositions of representatives of the insureds, that Highlands became cooperative. While this belated cooperation reduced Currey's

expense in obtaining the information, no expenses would have been incurred absent Highlands abuse of the discovery process. The trial court did not act without reference to guiding rules and principles by ordering these sanctions. The trial court merely refused to reward Highlands for its behavior in failing to comply with legitimate discovery requests. Points of error nineteen through twenty-one are overruled.

■ Appellee, on motion for rehearing, argues that we should reverse and remand for new trial only as to the three defensive issues that were improperly precluded from the original trial by the partial summary judgment. He relies on Rule 81(b)(1), TEX. R.APP.P., and *Bartley v. Granite State Ins. Co.*, 633 S.W.2d 694 (Tex.App.—Eastland 1982, writ ref'd n.r.e.), as authority for such a partial remand. However, we find no such authority in either the appellate rule or the case cited. The rule provides that we order a new trial as to a part of the matter in controversy only if it is clear that the error affects only one part of the matter in controversy. The error here potentially affects the entire case. Had the excluded issues been submitted at trial and had any one of them been answered favorably to Highlands, it could have disposed of the entire case. Had the issues been answered unfavorably, Highlands could have appealed such a result along with the remainder of the case at one time. If we do as appellee suggests, we would be granting a conditional affirmance on part of the case, contingent on a new trial as to the three defensive issues, and if any one of the issues were answered favorably to Highlands, then our conditional affirmance would be of no effect. We do not perceive the rules as permitting such a conditional affirmance and bifurcated remand under the facts of this case. In *Bartley*, the remand was limited to a part of the case on appeal which when resolved on re-trial would have no effect on the remainder of the original verdict which had not been appealed. *Bartley*, 633 S.W.2d at 695. Such is not the case here; the remainder of the verdict has been appealed, and the result on partial remand could affect our conditional affirmance on the remainder.

In addition, it would open the door to a subsequent bifurcated appeal if either party chose to appeal the results of the limited new trial. We decline to order a partial remand.

Appellee also asserts on rehearing that the error here was harmless in that there was a full presentation of the evidence at trial and that appellant did not properly preserve error. We disagree. Appellant properly contested the granting of the partial summary judgment, renewed its objection to the exclusion of the defensive issues during the trial, and re-urged them on Motion for New Trial. The appellant was denied the opportunity to submit its defensive issues to the jury despite its best efforts to have them submitted, and such excluded issues were potentially dispositive of the case. We can conceive of no basis on which to realistically find that this constituted harmless error or trial by implied consent or that they should have done more to preserve the error. We find this contention without merit.

Because of our disposition of points one through six, it is unnecessary to consider the remaining points of error.

We reverse the judgment and remand the cause for a new trial.