

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-18-00126-CV

———————————————————

JAN MOGGED, JAMES RICHARD FLETCHER, AND MICHAEL ALAN
TAYLOR, Appellants and Cross-Appellees

V.

BOBBY WAYNE LINDAMOOD JR. AND JR'S DEMOLITION & EXCAVATION,
INC., Appellees and Cross-Appellants

On Appeal from the 348th District Court
Tarrant County, Texas
Trial Court No. 348-278342-15

Dissenting and Concurring Memorandum Opinion by Justice Kerr

**DISSENTING AND CONCURRING MEMORANDUM OPINION**

I am concerned that the majority has infelicitously imported the summary-judgment world's "light most favorable" standard into how we review a TCPA nonmovant's evidence under section 27.005(c) of the civil practice and remedies code—particularly because I believe that doing so affects the outcome here. That is, if Bobby Wayne Lindamood's evidence in response to Jan Mogged, James Richard Fletcher, and Michael Alan Taylor's motion to dismiss did not benefit from that more charitable reading, I do not believe that the majority could reverse and remand that part of the judgment dismissing Lindamood's defamation claims against Taylor. As a result, I respectfully dissent in part to this portion of the majority's judgment.

Significant policy and structural differences exist between summary-judgment proceedings and the TCPA. Texas Rule of Civil Procedure 166a, which is a creature of the Texas Supreme Court,[1] exists as a vehicle to eliminate "patently unmeritorious claims or untenable defenses," and places the burden of proof always and squarely on the summary-judgment movant. *E.g.*, *Gulbenkian v. Penn*, 252 S.W.2d 929, 931 (Tex. 1952). A court thus "accepts as true all evidence of" the nonmovant and gives the nonmovant "the benefit of every reasonable inference which properly can be drawn in favor of his position." *Id.*

---

[1]The legislature gave the supreme court "full rulemaking power in the practice and procedure in civil actions" in 1939. Act of May 15, 1939, H.B. 108, 46th Leg., R.S., ch. 25, 1939 Tex. Gen. Laws 201, 201 (formerly codified as Tex. Rev. Civ. Stat. Ann. art. 1731a, now codified as Tex. Gov't Code Ann. § 22.004 (West Supp. 2018)).

The reason for considering summary-judgment evidence in the light most favorable to the nonmovant is simple: "Critical standards of review weighted in favor of the non-movant are essential because the remedy of summary judgment is harsh." *Highlands Ins. Co. v. Currey*, 773 S.W.2d 750, 753 (Tex. App.—Houston [14th Dist.] 1989, writ denied) (op. on reh'g); *see also Etheredge v. Hidden Valley Airpark Ass'n, Inc.*, 169 S.W.3d 378, 383 (Tex. App.—Fort Worth 2005, pet. denied) (op. on reh'g) (noting that courts strictly construe requirements of summary-judgment rule because it is a "harsh" remedy).

Of course, dismissal under the TCPA is similarly harsh, but the statute's language—to which we must accede—expresses a clear legislative intent that those sued for exercising a First Amendment right have a leg up, both philosophically and procedurally, in getting a case against them thrown out.

The statute tells us that its purpose is to "encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.002 (West 2015). We are admonished also that the TCPA must "be construed liberally to effectuate its purpose and intent fully." *Id.* § 27.011 (West 2015). The supreme court has recently explained that "[c]onstruing the TCPA liberally means construing its exemptions narrowly," in part because of "the legislature's clear instruction to construe the TCPA

3

liberally to protect citizens' rights to participate in government." *State ex rel. Best v. Harper*, No. 16-0647, 2018 WL 3207125, at *6, *9 (Tex. June 29, 2018). Unlike summary-judgment procedure's more protective stance toward plaintiffs' claims, the legislature's, and thus our high court's, unmistakable default is that when the TCPA applies, it applies with gusto.

The different attitudes toward summarily ending a run-of-the-mill lawsuit under rule 166a and a free-speech-related lawsuit under the TCPA are also reflected in what the latter has to say about the nonmovant's burden, which is to do more than simply raise a legitimate fact issue. Assuming that the TCPA defendant–movant has shown that the plaintiff–nonmovant's claim is "based on, relates to, or is in response to" the movant's exercise of a right of free speech, to petition, or of association, *see* Tex. Civ. Prac. & Rem. Code Ann. § 27.005(b) (West 2015), a court "shall dismiss" the case unless the nonmovant carries an affirmative evidentiary burden: the nonmovant must "establish[] by clear and specific evidence a prima facie case for each essential element of the claim in question." *Id.* § 27.005(c). And even so, the movant gets another shot at dismissal if it then proves all essential elements of a valid defense to the nonmovant's claim. *Id.* § 27.005(d).

The "clear and specific" evidence may be either direct or circumstantial, but the plaintiff "must provide enough detail to show the factual basis for its claim." *In re Lipsky*, 460 S.W.3d 579, 590–91 (Tex. 2015) (orig. proceeding). For a defamation claim, a plaintiff "must prove among other elements that the defendant published a

4

false statement of facts and that the defendant did so with the requisite degree of fault." *Lane v. Phares*, 544 S.W.3d 881, 886 (Tex. App.—Fort Worth 2018, no pet.) (citing *Lipsky*, 460 S.W.3d at 591).[2] That is, in addition to showing the "when, where, and what was said," *Lipsky*, 460 S.W.3d at 591, obviously a nonmovant must come up with clear and specific evidence of *who* published a defamatory statement.

Here, in contrast to most defamation cases in which the publisher's identity is not disputed, I do not find Lindamood's evidence that Taylor published the Colleyville Voter Alert and did so with actual malice to be clear and specific, but instead to be dependent on piling inference on inference—something we are not to do. *Cf., e.g.*, *Marathon Corp. v. Pitzner*, 106 S.W.3d 724, 727–28 (Tex. 2003) (noting that "suspicion linked to other suspicion produces only more suspicion," and that "an inference stacked only on other inferences is not legally sufficient evidence"). Certainly, the "clear and specific" standard does not impose a heightened evidentiary standard unaided by rational inferences from circumstantial evidence. *Lipsky*, 460 S.W.3d at 587. But to my mind, a court's freedom to draw reasonable inferences from circumstantial evidence is not the same thing as a license to consider that

---

[2]The "other elements" refer to *Lipsky*'s observing that in a defamation case implicating the TCPA, "pleadings and evidence that establish[] the facts of when, where, and what was said, the defamatory nature of the statements, and how they damaged the plaintiff should be sufficient to resist a TCPA motion to dismiss." 460 S.W.3d at 591.

evidence and those inferences in a light most favorable to the burden-carrying nonmovant, which is the standard put forth and explicitly relied on by the majority.

To be sure, some of our sister courts have noted, without much commentary, that evidence associated with a TCPA dismissal motion is to be viewed in such a light. *E.g.*, *Castleman v. Internet Money Ltd.*, No. 07-16-00320-CV, 2018 WL 5093857, at *2 (Tex. App.—Amarillo Oct. 18, 2018, no pet. h.) (mem. op. on remand) ("[O]ur review . . . is akin to that applicable when reviewing a summary judgment. That is, we consider the pleadings and evidence in a light most favorable to the nonmovant."); *E. Tex. Med. Ctr. Athens v. Hernandez*, No. 12-17-00333-CV, 2018 WL 2440508, at *2 (Tex. App.—Tyler May 31, 2018, pet. denied) (mem. op.); *Cheniere Energy, Inc. v. Lotfi*, 449 S.W.3d 210, 214–15 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (op. on reh'g). But the supreme court has not explicitly adopted that standard, nor have we.

Without something in the TCPA's language suggesting that the legislature meant for us to weigh the evidence in a most-favorable light, and indeed when the TCPA's language and purpose suggest something quite different, I believe that the majority is reading into the statute a standard that its text does not justify. *See, e.g.*, *Lippincott v. Whisenhunt*, 462 S.W.3d 507, 508 (Tex. 2015) (noting that "[a] court may not judicially amend a statute by adding words that are not contained in the language of the statute" and holding that appellate court wrongly construed TCPA as applying only to communications in public form, when plain language limits its scope only to

6

communications involving a public subject). Of course, rejecting the majority's light-most-favorable standard means that even fewer claims might survive a TCPA motion to dismiss. But whether that is a good or a bad thing is beside the point; the legislature has spoken, and we must heed its intent as expressed through its words.

I would thus affirm the dismissal of Lindamood's defamation claims in their entirety and as to all defendants,[3] and I would consequently have addressed Mogged, Fletcher, and Taylor's appellate issues concerning the amount of their attorneys'-fee award. Because the majority has taken a different approach, I respectfully dissent in part.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered:  December 31, 2018

---

[3]Because I agree with the majority that the trial court did not err by dismissing JR's Demolition & Excavation, Inc.'s defamation claim or by dismissing Lindamood's claims brought against Mogged and Fletcher, I concur in this portion of the majority's judgment.